IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>BRETT M. BRIMBERRY,<br><br>  Defendant. | Case No. 3:20-CR-30107-NJR-1 |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is a motion *in limine* filed by the Government. (Doc. 68). Defendant Brett M. Brimberry did not respond in opposition to the motion. For the following reasons, the Court grants the motion.

## LEGAL STANDARD

A federal district court's authority to rule on motions *in limine* is derived from its inherent authority to manage the course of a trial. *D.W.K., Jr. v. Abbott Labs., Inc. (In re Depakote)*, 87 F. Supp. 3d 916, 920 (S.D. Ill. 2015) (citing *Luce v. United States*, 469 U.S. 38, 41, n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)). Motions *in limine* are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999). Such motions perform a gatekeeping function by allowing a trial judge to eliminate evidence "that clearly ought not be presented to the jury" because it would be inadmissible for any purpose. *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

As these rulings are preliminary, a federal district court reserves the power to make evidentiary rulings as a trial progresses and remains free to revisit or alter its earlier disposition of a motion *in limine*. *See Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013); *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

### GOVERNMENT'S MOTION *IN LIMINE* (DOC. 68)

The Government moves *in limine* to preclude Brimberry from eliciting testimony regarding the identity of a non-testifying confidential source. During the investigation that led to Brimberry's arrest, an undercover agent of the Federal Bureau of Investigation ("FBI") exchanged messages with Brimberry posing as a 15-year-old boy. In their communications, the FBI agent used images of an adult male as a confidential human source ("CHS"). The CHS did not participate in the investigation or communicate with Brimberry in any way, he only provided pictures for use by the FBI. The Government does not intend to call the CHS as a witness, nor will statements by the CHS be offered into evidence. Brimberry raises no response or objection to the Government's motion regarding the identity of the CHS. The Court agrees that there is no relevance to the CHS's identity in this case.

Thus, the Court **GRANTS** the Government's motion *in limine*, and testimony regarding the identity of the non-testifying CHS is barred. Brimberry is also barred from eliciting testimony that the Government refused to identify the CHS, the CHS's identity should have been disclosed in discovery, or that lack of access to the CHS prejudiced him in any way.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** (Doc. 68) the Government's Motion *in Limine*.

**IT IS SO ORDERED.**

**DATED:  April 20, 2023**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**