IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

BRETT M. BRIMBERRY,

    Defendant.

Case No. 3:20-CR-30107-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

    Defendant Brett M. Brimberry is charged with one count of Attempted Enticement of a Minor under 18 U.S.C. § 2422(b). This matter is now before the Court on three motions *in limine* filed in the Government's Trial Brief. (Doc. 67). Brimberry filed a timely response. (Doc. 83).

### LEGAL STANDARD

    A federal district court's authority to rule on motions *in limine* is derived from its inherent authority to manage the course of a trial. *D.W.K. v. Abbott Labs., Inc. (In re Depakote)*, 87 F. Supp. 3d 916, 920 (S.D. Ill. 2015) (citing *Luce v. United States,* 469 U.S. 38, 41, n.4, 105 S. Ct. 460, 83 L. Ed. 2d 443 (1984)). Motions *in limine* are intended "to avoid the delay and occasional prejudice caused by objections and offers of proof at trial." *Wilson v. Williams*, 182 F.3d 562, 566 (7th Cir. 1999). Such motions perform a gatekeeping function by allowing a trial judge to eliminate evidence "that clearly ought not be presented to the jury" because it would be inadmissible for any purpose. *Jonasson v.*

*Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir. 1997).

As these rulings are preliminary, a federal district court reserves the power to make evidentiary rulings as a trial progresses and remains free to revisit or alter its earlier disposition of a motion *in limine. See Perry v. City of Chicago*, 733 F.3d 248, 252 (7th Cir. 2013); *see also United States v. Connelly*, 874 F.2d 412, 416 (7th Cir. 1989).

## DISCUSSION

### I.  Government's First Motion *in Limine*

The Government moves *in limine* to preclude Brimberry from introducing evidence or argument suggesting that he is factually innocent because he did not intend to actually engage in sexual activity with the purported minor, or that he changed his mind sometime after inducing the minor's assent. In the alternative, the Government seeks a jury instruction on the issue to clarify what intent is required to substantiate the offense. Based on a discussion with counsel at the outset of trial, the Government actually prefers the alternative relief requested—the jury instruction on intent and assent. Brimberry does not oppose a jury instruction, but otherwise opposes the motion.

The Government proposes a jury instruction to the following effect:

> In proving the requirement that the defendant knowingly attempted to entice, induce, persuade or encourage an individual to engage in sexual activity, the government must prove beyond a reasonable doubt that the defendant intended to persuade, induce, entice or encourage a person he believed to be a minor to agree to engage in sexual activity. The government is not required to prove that the defendant actually intended to engage in sexual activity with that person.

"The essence of the crime [of child enticement] is attempting to obtain the minor's assent to sexual activity." *United States v. Hosler,* 966 F.3d 690, 692 (7th Cir. 2020) (internal

quotation marks omitted). "[Section] 2422(b) criminalizes an intentional attempt to achieve a *mental* state—a minor's assent—regardless of the accused's intentions vis-à-vis the actual consummation of sexual activities with the minor." *United States v. Berg*, 640 F.3d 239, 252 (7th Cir. 2011) (internal quotation marks omitted and emphasis in original).

As Seventh Circuit case law supports the content of the proposed instruction and Brimberry does not object, the Court **GRANTS in part** the Government's first motion *in limine* and will allow a jury instruction regarding the specific intent required to substantiate the charged crime.

II. <u>Government's Second Motion *in Limine*</u>

Next, the Government asserts that a purported minor's consent is not a defense to the charge of attempted enticement of a minor and any evidence of the purported minor's "consent" would be irrelevant. As such, the Government seeks to bar any evidence surrounding the consent or willingness of the purported minor as a means to negate Brimberry's culpability. In the alternative, the Government seeks a jury instruction on the issue to clarify that the Government does not need to prove the minor was an unwilling participant to sexual activity. Brimberry does not oppose the motion.

Pursuant to Section 2422(b), "a minor's willingness or unwillingness to engage in sexual activity is irrelevant." *United States v. York*, 48 F.4th 494, 500 (7th Cir. 2022). As discussed above, the essence of the charge of Attempted Enticement of a Minor is an attempt to obtain a minor's assent, not consent.

Because evidence regarding the purported minor's consent would be irrelevant

and Brimberry raises no objection, the Court **GRANTS** the Government's second motion *in limine*, and such evidence or argument regarding the purported minor's willingness to participate is barred.

### III.     Government's Third Motion *in Limine*

The Government seeks to exclude the entrapment defense arguing that Brimberry has not proffered the requisite evidence of both elements of entrapment. In the event that an entrapment defense is permitted, the Government seeks a pretrial ruling on the admissibility of certain materials found on Brimberry's cellphone as evidence of predisposition.

In opposition to the motion, Brimberry asserts that he is entitled to present an entrapment defense because he can show some evidence supporting both elements of the defense—inducement and lack of predisposition. Brimberry proffers the messages exchanged between him and the undercover agent posing as a 15-year old boy as evidence of inducement. He argues that he was socializing on an adult-only platform, the conversation began under the supposition that both users were at least 18, and only the undercover agent requested or discussed sexual contact after the agent revealed he was minor.

"[E]ntrapment is a defense to criminal liability when the defendant was not predisposed to commit the charged crime before the intervention of the government's agents and the government's conduct induced him to commit it." *United States v. Mayfield*, 771 F.3d 417, 442 (7th Cir. 2014). Simply put, the two elements of the defense are

government inducement and lack of predisposition. *Id.* A defendant may present the defense at trial if he or she shows "some evidence" to support it that would allow a reasonable jury to find government inducement and lack of predisposition. *Id.* at 443. The defense's evidence does not need to be compelling, but there must be some supportive evidence. *United States v. Hall*, 608 F.3d 340, 343 (7th Cir. 2010). This issue is commonly raised before trial on a motion to preclude the defense, and in evaluating such a motion, a court must accept the defendant's factual proffer as true and not weigh it against the government's evidence. *Mayfield*, 771 F.3d at 443.

Inducement amounts to government solicitation of the crime "*plus* some other government conduct that risks causing someone to commit the crime even if he would not have done so if left to his own devices." *United States v. Anderson,* 55 F.4th 545, 549 (7th Cir. 2022) (internal quotation marks omitted and emphasis in original). Evidence that the government initiated contact with the defendant, suggested the crime, or created an ordinary opportunity to commit the crime is not sufficient to satisfy the inducement prong. *Mayfield*, 771 F.3d at 443. Something more is required. *Id.* The character or degree of the government's persistence or persuasion, the nature of the enticement or reward, or some combination could create this "something more" or "other conduct." *Id.* The Seventh Circuit instructs that "other conduct" may also include: repeated attempts at persuasion; fraudulent representations; threats, coercive tactics, or harassment; promises of reward beyond that inherent in the customary execution of the crime; pleas based on need sympathy or friendship; or any other conduct by government agents that creates a

risk that a person who otherwise would not commit the crime if left alone would do so in response to the government's efforts. *Anderson,* 55 F.4th at 552.

Predisposition concerns the defendant's circumstances before and at the time the government first approached the accused with a proposal to commit the crime. *Mayfield*, 771 F.3d at 442. If a defendant was ready and willing to commit the charged crime (or actively wanted to but had not yet found the means) and likely would have committed the crime without government intervention, he or she is predisposed to commit the crime. *Id.* at 442-43.

Here, Brimberry points to his messages with the undercover agent as "some evidence" of government inducement. He argues that the undercover agent only disclosed his age as 15 once the conversation had already turned sexual. The government also, according to Brimberry, inconsistently misrepresented the age of the purported minor through the pictures exchanged in the messages and the initial profile. Moreover, Brimberry emphasizes that he expressed reluctance as he repeatedly asked for consent, inquired as to whether this was a set-up, and expressed a fear of going to jail or becoming a sex offender. Lastly, Brimberry urges that the government also used subtle guilt to overcome his reluctance.

In his argument, Brimberry draws comparison to *United States v. Anderson*, a fairly recent Seventh Circuit case where the Court of Appeals found the entrapment defense should have been permitted. In *Anderson,* like here, the defendant was charged with Attempted Enticement of a Minor after engaging in an online discussion with an

undercover law enforcement agent posing as a minor and later showing up to meet the purported minor for sexual activity. *Anderson*, 55 F.4th at 549-50. In that case, hundreds of messages were exchanged over two days. *Id.* at 549-51. The undercover agent in *Anderson* directly invited the defendant at least 11 times to meet privately for sex and, when the defendant expressed reluctance about going to prison and concern for the welfare of his young daughter, the agent persisted and promised to keep the rendezvous a secret. *Id.* at 550. In response to the reluctance, the agent continued to press the defendant to meet. *Id.* at 550-51.

In this case, the conversation between Brimberry and the undercover agent became sexual quickly. The two exchanged several messages discussing a "hook up," including plans to meet, along with pictures before the agent shared his purported age. Once the agent revealed the purported minor's age, Brimberry initially expressed surprise by messaging, "Ohhhhh," to which the agent responded, "Hope that don't freak you out." Then, Brimberry asked for consent. After giving "consent," the agent, not Brimberry, presented the idea of hooking up. This message certainly constituted solicitation of the crime. In response, Brimberry asked "When?". After sorting out some logistics, the following exchange occurred:

> Brimberry: Okay again I'm 27, do you give consent? And this is not a set up is it
>
> Agent: Yes I consent and it's definitely not a set up
>
> Brimberry: Ok be there in a few
>
> Agent: K

>Brimberry: I swear to god if this is a set up of some sort
>
>Agent: I'm not evil. That would be really shitty
>
>Brimberry: I don't need to become a sex offender
>
>Agent: Of course not. If you don't want to that's cool. I don't want you to be uncomfortable
>
>Brimberry: I'm already on my way
>
>Brimberry: I'm just saying you better not pull some shit like that
>
>Agent: I would never do that
>
>Brimberry: How would I know? I don't know you
>
>Agent: True Al I can say is I wouldn't do that
>
>Brimberry: Ok

While Brimberry demonstrated reluctance for fear of becoming a sex offender and facing a set-up, the undercover agent simply denied the existence of a set-up. In denying any set-up, unlike in *Anderson*, the agent did not offer any further invitation to meet, promise secrecy, or attempt to get Brimberry to take action. The agent's denials cannot be classified as repeated attempts at persuasion. In fact, one of the undercover agent's messages stated, "Of course not. If you don't want to that's cool. I don't want you to be uncomfortable." Brimberry characterizes that message as an attempt at subtle guilt comparing to the following exchange in *Anderson*:

>Defendant: I'm just thinking I'm worried I don't want to go to jail I'm sure you can understand that
>
>Undercover agent: I do. just wish you would have told me earlier, I was excited. but I get it. good luck

*Anderson*, 55 F.4th at 554. The Court disagrees that these messages are directly comparable. In *Anderson*, the agent expressed disappointment and deflated excitement which could amount to guilt meant to overcome the defendant's reluctance. Here, those emotional ploys are absent.

If the evidence shows that the government did nothing more than solicit the crime on standard terms, then the entrapment defense will be unavailable as a matter of law. *Mayfield*, 771 F.3d at 441. Accepting Brimberry's proffer as true—and without weighing any conflicting evidence—the Court finds that Brimberry fails to produce "some evidence" of government inducement, and the evidence proffered, instead, falls within the scope of solicitation of the crime. The proffered messages do not provide evidence that would allow a rational jury to conclude that Brimberry was entrapped. Ultimately, the messages are devoid of the kinds of "other conduct" generally prohibited as inducement, such as repeated attempts at persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward beyond that inherent in the customary execution of the crime, or pleas based on need, sympathy, or friendship. *See Mayfield*, 771 F.3d at 434-35; see also *Anderson*, 55 F.4th at 552. Because Brimberry did not make a showing of "some evidence" of inducement, the Court need not consider predisposition. *United States v. Mercado*, 53 F.4th 1071, 1085 (7th Cir. 2022).

Accordingly, the Court **GRANTS** the Government's third motion *in limine*. An entrapment defense is precluded, and the jury will not be instructed on entrapment.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS in part** the Government's First

Motion *in limine* as to a jury instruction and **GRANTS** the Government's Second and Third Motions *in Limine*.

    **IT IS SO ORDERED.**

    DATED:   July 31, 2023

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**